UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSARA INVESTMENT III, LLC,<br><br>                      Plaintiff,<br><br>-against-<br><br>JERRY L. WALLACE,<br><br>                      Defendant. | 07 Civ. 9385 (JFK) |

## REPLY TO COUNTERCLAIMS

Plaintiff Samsara Investment III, LLC, ("plaintiff" or "Samsara"), by its attorneys, Haynes and Boone, LLP, hereby responds to the counterclaims asserted by defendant Jerry L. Wallace ("defendant" or "Wallace") as follows:

16.[1]   As paragraph 16 of the Counterclaims merely repeats prior allegations, no response is necessary.

17.   Samsara respectfully refers to the Operating Agreement for the terms thereof and otherwise denies the allegations contained in paragraph 17 of the Counterclaims.

18.   Samsara respectfully refers to the Operating Agreement for the terms thereof and otherwise denies the allegations contained in paragraph 18 of the Counterclaims.

19.   Samsara respectfully refers to the Operating Agreement for the terms thereof and otherwise denies the allegations contained in paragraph 19 of the Counterclaims, except that, to the extent paragraph 19 asserts conclusions of law, no response is necessary.

20.   Samsara denies the allegations contained in paragraph 20 of the Counterclaims.

21.   Samsara  denies the allegations contained in paragraph 21 of the Counterclaims.

22.   Samsara denies the allegations contained in paragraph 22 of the Counterclaims.

22.   Samsara denies the allegations contained in paragraph 22 of the Counterclaims.[2]

---

[1]   The paragraph numbers herein correspond to the paragraph numbers of defendant's counterclaims.

NY -12295_2 (2).DOC

23. Samsara denies the allegations contained in paragraph 23 of the Counterclaims.

24. As paragraph 24 of the Counterclaims merely repeats prior allegations, no response is necessary.

25. As paragraph 25 merely purports to be a citation of a statute, no response is necessary.

26. Samsara denies the allegations contained in paragraph 26 of the Counterclaims.

27. Samsara denies the allegations contained in paragraph 27 of the Counterclaims.

28. As paragraph 28 of the Counterclaims merely repeats prior allegations, no response is necessary.

29. As paragraph 29 merely purports to be a citation of a statute, no response is necessary.

30. Samsara denies the allegations contained in paragraph 30 of the Counterclaims.

31. Samsara denies the allegations contained in paragraph 31 of the Counterclaims.

32. As paragraph 32 of the Counterclaims merely repeats prior allegations, no response is necessary.

33. As paragraph 33 merely purports to be a citation of a statute, no response is necessary.

34. Samsara denies the allegations contained in paragraph 34 of the Counterclaims.

35. Samsara denies the allegations contained in paragraph 35 of the Counterclaims.

### First Affirmative Defense

Defendant's Counterclaims are barred by defendant's own conduct, including without limitation, defendant's breach of the Operating Agreement and the Guarantee, as set forth defined in the Complaint.

---

[2] The Counterclaims erroneously contain two paragraphs numbered "22."

### Second Affirmative Defense

Defendant's Counterclaims are barred by the doctrine of estoppel.

### Third Affirmative Defense

Defendant's Counterclaims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Defendant's Counterclaims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Defendant's Counterclaims are barred by its failure to fulfill a condition precedent.

### Sixth Affirmative Defense

Defendant's Counterclaims are barred by the doctrine of in *pari delicto*.

### Seventh Affirmative Defense

To the extent defendant is entitled to any damages, which is disputed, defendant has failed to mitigate any such damages.

**WHEREFORE**, plaintiff respectfully requests that the defendant's Counterclaims be dismissed in their entirety, together with such other and further relief as the Court may deem just and proper.

Dated: January 14, 2008

> HAYNES AND BOONE, LLP
> *Attorneys for Samara Investment III, LLC*
>
> By: _____
> Kenneth J. Rubinstein (KR-1410)
> Jonathan D. Pressment (JP-1819)
> 153 East 53rd Street, Suite 4900
> New York, New York 10022
> (212) 659-7300

To:  MARK B. STUMER & ASSOCIATES, P.C.
*Attorneys for Defendant*
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225