UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSARA INVESTMENT III, LLC,<br><br>                    Plaintiff,<br><br>         - against -<br><br>JERRY L. WALLACE,<br><br>                    Defendant. | 07 Civ. 9385 (JFK) |

### PLAINTIFF'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, plaintiff Samsara Investment III, LLC ("plaintiff"), by its attorneys, Haynes and Boone LLP, will move before the Honorable John F. Keenan, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York, 10007, on a date to be determined as convenient by the Court, for the following relief:

(1) Granting judgment to plaintiff on its claim for breach of contract and awarding it damages in the amount of $14,025,000, plus interest at the rate of 9% per annum from August 27, 2007;

(2) Dismissing defendant's counterclaims in their entirety;

(3) Together with such other and further relief as the Court may deem just and proper.

17936_1.DOC

**PLEASE TAKE FURTHER NOTICE** that, papers in opposition to plaintiff's motion, if any, are required to be served upon the undersigned so as to be received no later than August 8, 2008.

Dated: June 30, 2008

                                        HAYNES and BOONE, LLP
                                        *Attorneys for Plaintiff*

                                        By: _____
                                        Kenneth J. Rubinstein (KR-1410)
                                        Jonathan D. Pressment (JP-1819)
                                        153 East 53rd Street, Suite 4900
                                        New York, New York 10022
                                        (212) 659-7300

To:    Jerry L. Wallace
        4458 Ocean View Drive
        Destin, Florida 32451
        *Defendant Pro Se*

N-17936_1.DOC

Plaintiff's Rule 56.1 Statement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMSARA INVESTMENT III, LLC,

                Plaintiff,

           - against -

JERRY L. WALLACE,

                Defendant.

07 Civ. 9385 (JFK)

## PLAINTIFF'S RULE 56.1 STATEMENT

Plaintiff Samsara Investment III, LLC ("Samsara"), by its attorneys, Haynes and Boone LLP, submits this statement of undisputed material facts pursuant to Rule 56, F.R.C.P. and Local Civil Rule 56.1:

<u>The Parties and the Relevant Agreements</u>

1.    Samsara is a limited liability company organized under the laws of the State of Delaware. (*See* Complaint, annexed as Exhibit A, ¶ 1)

2.    Defendant Jerry L. Wallace ("Wallace") is an individual residing in the State of Florida. (Ex. A, ¶ 2; Answer, annexed as Ex. B, ¶ 1)

3.    On or about February 23, 2006, Samsara, Wallace, and Shores of Paradise, LLC ("Shores"), entered into an Investment Agreement (the "Investment Agreement," a copy of which is annexed as Ex. C). (Ex. A, ¶ 5; Ex. B, ¶ 1)

4.    Pursuant to the Investment Agreement, Samsara agreed to invest $6,000,000 in Shores (the "Investment Amount"), the proceeds of which were to be used to purchase two parcels of real property in Biloxi, Mississippi. (Ex. A, ¶ 5; Ex. B, ¶ 1; Ex. C, §§ 1.1, 2.1(a))

5. On or about February 24, 2006, the parties executed an Amended and Restated Operating Agreement for Shores (the "Operating Agreement", a copy of which is annexed as Ex. D).

6. In accordance with the terms of the Operating Agreement, Samsara made a capital contribution of $6,000,000. In connection therewith, Samsara received 100% of the Class B shares of Shores. (Ex. A, ¶ 6; Ex. B, ¶ 1; Ex. D, pp. 1, 5)

7. The Operating Agreement provided that Wallace would serve as Shores' Managing Member. (Ex. D, §§ 1.7, 5.1)

8. The Operating Agreement also provided that Wallace, as Managing Member, would cause Shores to make distributions to Samsara by February 26, 2007 equal to a 170% return on the Investment Amount (*i.e.*, a return of $10,200,000) (the "Class B Preferred Return"). (Ex. D, § 4.1)

9. In the event the Class B Preferred Return was not made by February 26, 2007, the Operating Agreement provided that Samsara would be entitled to interest accruing from February 26, 2007 through the earlier of: (i) the date of repayment in full; (ii) August 27, 2007; or (iii) the sale of the Shores' property pursuant to Section 5.7 of the Operating Agreement. (Ex. D, § 4.1)

10. In connection with Samsara's investment, on or about February 24, 2006, Wallace executed a personal guaranty (the "Guaranty", a copy of which is annexed as Ex. E), under which, among other things, he agreed to be liable for the payment of the Class B Preferred Return, pursuant to the terms of the Operating Agreement. (Ex. E; Ex. D, § 4.1)

11. Prior to signing the Operating Agreement, Investment Agreement and the Guaranty, Wallace: (i) sought and obtained the advice of legal counsel; and (ii) understood the meaning and

the terms of each of the agreements. (*See* transcript from the deposition of Jerry Wallace ("Wallace Tr."), annexed as Ex. F, at pp. 210:1-18, 213:1-23, 214:7-23, 216:14-218-219:23, 225:12-227:3)

Defendant's Breach of the Guaranty

12. Shores failed to pay Samsara any portion of the Class B Preferred Return on or before February 26, 2007. Consequently, pursuant to Section 4.1 of the Operating Agreement, the Class B Preferred Return (plus interest at the agreed-upon rate) became due no later than August 27, 2007. (Ex. A, ¶¶ 9-10; Ex. B, ¶¶ 1, 4; Ex. D, § 4.1; Wallace Tr., Ex. F, pp. 225:12-227:3, 281:23-283:18)

13. The parties subsequently agreed that Wallace would continue as Managing Member of Shores (a position he continues to maintain). (Wallace Tr., Ex. F, pp. 162:6-18; 258:15-259:21, 264:16-265:3, 274:12-275:20, 276:8-278:14, 280:4-19, 284:13-285:16; 289:11-291:13; 293:10-294:5)

14. Shores failed to make payment of $14,025,000 -- representing the Class B Preferred Return plus interest at the agreed-upon rate -- that was due Samsara on August 27, 2007, and, to date, has failed to make payment to Samsara of any portion of the amount due. (Ex. D, § 4.1; Wallace Tr., Ex. F, pp. 281:23-283:18)

15. Pursuant to the Guaranty, Wallace is personally liable for the $14,025,000 due Samsara. (Ex. D, § 4.1; Wallace Tr., Ex. F, pp. 281:23-283:18; Ex. F, § 1)

16. Wallace has conceded that $14,025,000 is due and owing Samsara and that he is personally liable for the payment of such amount to Samsara. (Wallace Tr., Ex. F, pp. 281:23-283:18)

Defendant's Counterclaims

17. This action was commenced on or about October 19, 2007. The complaint asserts a single claim for relief arising from Wallace's breach of the Guaranty. (Ex. A)

18. Wallace filed an answer on or about December 21, 2007. (Ex. B) In the answer, Wallace asserted several affirmative defenses as well as four counterclaims.

19. The counterclaims are based on the allegation that Samsara became the Managing Member of Shores in February 2007, and, in violation of a Mississippi statute, subsequently failed to fulfill the duties of this position. (Ex. B, ¶¶ 17-35)

20. The Operating Agreement provided that Samsara could become the Managing Member of Shores in the event that Wallace failed to make payment of the Class B Preferred Return by the February 26, 2007 deadline. (Ex. D, § 5.1)

21. Wallace has failed to identify any damages he has allegedly suffered as a result of any act or omission of Samsara. (Wallace Tr., Ex. F, pp. 162:6-166:25)

22. The Court is respectfully referred to the memorandum of law, submitted simultaneously herewith, for a discussion of the case law pertinent to Samsara's motion.

Dated: June 30, 2008

> HAYNES and BOONE, LLP
> *Attorneys for Plaintiff*
>
> By: _____
> Kenneth J. Rubinstein (KR-1410)
> Jonathan D. Pressment (JP-1819)
> 153 East 53rd Street, Suite 4900
> New York, New York 10022
> (212) 659-4980