# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   07 CIV 9385

SAMSARA INVESTMENT III, LLC.,

                Plaintiff,

-against-                                    ANSWER AND
                                                      COUNTERCLAIMS

JERRY L. WALLACE,

                Defendant,

----------------------------------------------------------------X

       The above named Defendant, JERRY L. WALLACE (herein referred to as "Defendant") by his attorneys, Mark B. Stumer & Associates, PC, in Complaint served herein, respectfully shows to this Court and alleges as follows:

       1.      The Defendants admit the allegations contained in the paragraphs labeled 2, 3, 4, 5, 6, 7, 8, 10 and 12 of the Complaint served herein.

       2.      The Defendants denies the truth of each and every allegation contained in the paragraphs labeled 11, 14, 15, and 16 of the Complaint served herein.

       3.      The Defendants deny having information sufficient to form a belief as to the truth or falsity of the allegations contained the paragraph labeled 1 of the Complaint served herein.

       4.      The Defendants denies the truth of each and every allegation contained in the paragraph labeled 9 of the Complaint served herein except admits that Shores did not pay Samasara any portion of the Class B Preferred return on or before February 26, 2007.

5. To the extent that allegations are repeated and re-alleged in paragraph labeled 13 of the Complaint, Defendant re-alleges the above respective responses to the repeated and re-alleged allegations.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

6. The Defendants repeat and reallege paragraphs numbered 1 thought 5 hereinabove as if each was more fully set forth at length herein.

7. The complaint served herein fails to state a cause of action upon which relief can be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

8. The defendants repeat and reallege paragraphs numbered 1 through 7 hereinabove as if each was more fully set forth at length herein.

9. The plaintiff's breach of the Amended and Restated Operating Agreement was the cause of the Plaintiff's alleged damages as demanded in the Complaint.

### AS AND FOR DEFENDANTS THIRD AFFIRMATIVE DEFENSE

10. The defendants repeat and reallege paragraphs numbered 1 through 9 hereinabove as if each was more fully set forth at length herein.

11. The plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR DEFENDANTS FOURTH AFFIRMATIVE DEFENSE

12. The defendants repeat and reallege paragraphs numbered 1 through 11 hereinabove as if each was more fully set forth at length herein.

13. If any damages are recoverable from the Defendant, said amounts must be reduced by the amounts which the Plaintiff has received from other sources.

### AS AND FOR DEFENDANTS FIFTH AFFIRMATIVE DEFENSE

14. The defendants repeat and reallege paragraphs numbered 1 through 13 hereinabove as if each was more fully set forth at length herein.

15. The Plaintiff failed to mitigate the damages allegedly sustained.

### AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM

16. The defendants repeat and reallege paragraphs numbered 1 through 15 hereinabove as if each was more fully set forth at length herein.

17. Pursuant to Section 5.1 of the Amended and Restated Operating Agreement of Shores of Paradise, LLC, (the "Operating Agreement") in or about February of 2007, the Plaintiff became the sole Managing Member of the Shores of Paradise, LLC (the "Company").

18. Pursuant to Section 5.1 of the Operating Agreement, in or about February of 2007, as the sole Managing member, the Plaintiff was given the sole right to take the actions described in Section 5.3 of the Operating Agreement.

19. Pursuant to Section 5.1 of the Operating Agreement, in or about February of 2007, as the sole Managing member, the Plaintiff was required to act in the best interests of the Company.

20. To date, despite duly made requests from the Defendant to the Plaintiff, the Plaintiff utterly failed to exercise any it's exclusive Section 5.3 rights, powers and duties.

21. To date, despite duly made requests from the Defendant to the Plaintiff, the Plaintiff utterly failed to act, in any way, as the sole Managing Member of the Company.

22. Plaintiff's utter failure to take any action as the sole Managing Member of the Company constitutes a material breach of the Operating Agreement.

22. Plaintiff's utter failure to take any action as the sole Managing Member of the Company was the sole cause of the damages that they have suffered, if any.

23. As a result of the Plaintiff's breach of the Operating Agreement, the Defendant has been damaged in an amount to be determined at trial, plus interest, costs and expenses, and reasonable attorney's fees.

## AS AND FOR DEFENDANT'S SECOND COUNTERCLAIM

24. The defendants repeat and reallege paragraphs numbered 1 through 23 hereinabove as if each was more fully set forth at length herein.

25. Mississippi Code of 1972 as Amended, Sec. 79-29-402 (1) states:

> **"General standards of conduct for a manager.**
> (1) A manager shall discharge his duties as a manager:
> (a) In good faith;
> (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
> (c) In a manner he reasonably believes to be in the best interests of the limited liability company."

26. Plaintiff failed to discharge it's duties as a Manager in good faith. As such, Plaintiff violated Sec. 79-29-402 (1) of the Mississippi Code of 1972, as Amended.

27. As a result of the Plaintiff's violation of this Code, the Defendant has been damaged in an amount to be determined at trial, plus interest, costs and expenses, and reasonable attorney's fees.

## AS AND FOR DEFENDANT'S THIRD COUNTERCLAIM

28.  The defendants repeat and reallege paragraphs numbered 1 through 27 hereinabove as if each was more fully set forth at length herein.

29.  Mississippi Code of 1972 as Amended, Sec. 79-29-402 (1) states:

> **"General standards of conduct for a manager.**
> (1) A manager shall discharge his duties as a manager:
> (a) In good faith;
> (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
> (c) In a manner he reasonably believes to be in the best interests of the limited liability company."

30.  Plaintiff failed to discharge it's duties as a Manager, "with the care an ordinarily prudent person in a like position would exercise under similar circumstances". As such, Plaintiff violated Sec. 79-29-402 (1) of the Mississippi Code of 1972, as Amended.

31.  As a result of the Plaintiff's violation of this Code, the Defendant has been damaged in an amount to be determined at trial, plus interest, costs and expenses, and reasonable attorney's fees.

## AS AND FOR DEFENDANT'S FOURTH COUNTERCLAIM

32.  The defendants repeat and reallege paragraphs numbered 1 through 31 hereinabove as if each was more fully set forth at length herein.

33.  Mississippi Code of 1972 as Amended, Sec. 79-29-402 (1) states:

> **"General standards of conduct for a manager.**
> (1) A manager shall discharge his duties as a manager:
> (a) In good faith;
> (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
> (c) In a manner he reasonably believes to be in the best interests of the limited liability company."

34. Plaintiff failed to discharge it's duties as a Manager in a manner he reasonably believed to be in the best interest of the limited liability company. As such, Plaintiff violated Sec. 79-29-402 (1) of the Mississippi Code of 1972, as Amended.

35. As a result of the Plaintiff's violation of this Code, the Defendant has been damaged in an amount to be determined at trial, plus interest, costs and expenses, and reasonable attorney's fees.

WHEREFORE, the defendant respectfully demands:

(a) Judgment dismissing the Complaint together with the costs, disbursements, and attorneys fees awarded to Defendants;

(b) Judgment in its favor for the First, Second, Third and Fourth Counterclaims in an amount to be determined at trial; and

(c) For such further relief that the Court deems just and proper.

Dated: New York, New York
       December 20, 2007

Respectfully submitted,
MARK B. STUMER& ASSOCIATES, P.C.

_____
Mark B. Stumer, Esq. (MBS-6027)
Attorney for Defendant
200 Park Avenue South, Suite 1511
New York, New York 10003
(212) 633-2225