UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMSARA INVESTMENT III, LLC,

                Plaintiff,

        - against -

JERRY L. WALLACE,

                Defendant.

07 Civ. 9385 (JFK)

**PLAINTIFF'S NOTICE OF MOTION FOR**
**SUMMARY JUDGMENT ON ISSUE OF DAMAGES**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, plaintiff Samsara Investment III, LLC ("plaintiff"), by its attorneys, Haynes and Boone LLP, will move before the Honorable John F. Keenan, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York, 10007, on a date to be determined as convenient by the Court, for the following relief:

    (1)    Awarding plaintiff damages in the amount of $14,025,000, plus interest at the rate of 9% per annum from August 27, 2007, on the judgment entered by the Court on August 21, 2008, against defendant and in favor of plaintiff pursuant to the Memorandum Opinion and Order of the Court dated August 21, 2008;

    (2)    Together with such other and further relief as the Court may deem just and proper.

19765_2.DOC

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Memorandum Opinion and Order of the Court dated August 21, 2008, papers in opposition to plaintiff's motion, if any, are required to be served upon the undersigned so as to be received no later than September 18, 2008.

Dated: September 3, 2008

>HAYNES and BOONE, LLP
>*Attorneys for Plaintiff*
>
>By: _____
>Kenneth J. Rubinstein (KR-1410)
>Jonathan D. Pressment (JP-1819)
>1221 Avenue of the Americas
>26th Floor
>New York, New York 10020-1007
>(212) 659-7300

To:  Mr. Jerry L. Wallace
     4458 Ocean View Drive
     Destin, Florida 32451
     *Defendant Pro Se*

# PLAINTIFF'S RULE 56.1 STATEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMSARA INVESTMENT III, LLC,

              Plaintiff,

- against -

JERRY L. WALLACE,

              Defendant.

07 Civ. 9385 (JFK)

## PLAINTIFF'S RULE 56.1 STATEMENT

Plaintiff Samsara Investment III, LLC ("Samsara"), by its attorneys, Haynes and Boone LLP, submits this statement of undisputed material facts pursuant to Rule 56, F.R.C.P., and Local Civil Rule 56.1, in support of its motion for summary judgment on the issue of damages[1]:

The Parties and the Relevant Agreements

1.    Samsara is a limited liability company organized under the laws of the State of Delaware. (*See* Complaint, annexed as Exhibit A, ¶ 1)

2.    Defendant Jerry L. Wallace ("Wallace") is an individual residing in the State of Florida. (Ex. A, ¶ 2; Answer, annexed as Ex. B, ¶ 1)

3.    On or about February 23, 2006, Samsara, Wallace, and Shores of Paradise, LLC ("Shores"), entered into an Investment Agreement (the "Investment Agreement," a copy of which is annexed as Ex. C).

4.    Pursuant to the Investment Agreement, Samsara agreed to invest $6,000,000 in Shores (the "Investment Amount"), the proceeds of which were to be used to purchase two parcels of real property in Biloxi, Mississippi. (Ex. A, ¶ 5; Ex. B, ¶ 1; Ex. C, §§ 1.1, 2.1(a))

---

[1]    By Memorandum Opinion and Order dated August 21, 2008, the Court, *inter alia*, granted Samsara's motion for summary judgment on its breach of contract claim and invited Samsara to submit a supplemental motion for summary judgment on the issue of damages.

5.  On or about February 24, 2006, the parties executed an Amended and Restated Operating Agreement for Shores (the "Operating Agreement", a copy of which is annexed as Ex. D).

6.  In accordance with the terms of the Operating Agreement, Samsara made a capital contribution of $6,000,000. In connection therewith, Samsara received 100% of the Class B shares of Shores. (Ex. A, ¶ 6; Ex. B, ¶ 1; Ex. D, pp. 1, 5)

7.  The Operating Agreement provided that Shores would make distributions to Samsara by February 26, 2007 equal to a 170% return on the Investment Amount (*i.e.*, a return of $10,200,000) (the "Class B Preferred Return"). (Ex. D, § 4.1)

8.  In the event the Class B Preferred Return was not made by February 26, 2007, the Operating Agreement provided that Samsara would be entitled to interest at an agreed upon rate of 75% accruing from February 26, 2007 through the earlier of: (i) the date of repayment in full; (ii) August 27, 2007; or (iii) the sale of the Shores' property pursuant to Section 5.7 of the Operating Agreement. (Ex. D, § 4.1)

9.  In connection with Samsara's investment, on or about February 24, 2006, Wallace executed a personal guaranty (the "Guaranty", a copy of which is annexed as Ex. E), under which, among other things, he agreed to be liable for the payment of the Class B Preferred Return pursuant to the terms of the Operating Agreement. (Ex. E; Ex. D, § 4.1)

Defendant's Breach of the Guaranty and Damages Due Samsara

10. Shores failed to pay Samsara any portion of the Class B Preferred Return on or before February 26, 2007. Consequently, pursuant to Section 4.1 of the Operating Agreement, interest on the Class B Preferred Return began to accrue at the agreed-upon rate of 75% per annum, and the entire Class B Preferred Return became due no later than the earlier of: (i) August 27, 2007;

or (ii) the sale of the Shores' property pursuant to Section 5.7 of the Operating Agreement. (*See* transcript from the deposition of Jerry Wallace ("Wallace Tr."), annexed as Ex. F, at pp. 225:12-227:3, 281:23-283:18; Ex. A, ¶¶ 9-10; Ex. B, ¶¶ 1, 4; Ex. D, § 4.1)

11.   At no time prior to August 27, 2007, did Shores sell the property pursuant to Section 5.7 of the Operating Agreement. (A copy of an Exclusive Listing Agreement confirming Shores' ownership of the property as of November 18, 2007, is annexed as Ex. G$^2$; Wallace Tr., Ex. F, pp. 186:5-17, 229:16-20, 235:6-25, 237:13-25 (confirming that property was still in Shores' possession through December 2007, at a minimum, as mortgage payments continued to be made).)

12.   Shores failed to make payment of $14,025,000 -- representing the Class B Preferred Return ($10,200,000) plus interest at the agreed-upon rate (75%) from February 26, 2007 to August 27, 2007 -- that was due Samsara on August 27, 2007, and, to date, has failed to make payment to Samsara of any portion of the amount due. (Ex. D, § 4.1; Wallace Tr., Ex. F, pp. 281:23-283:18)

13.   Pursuant to the Guaranty, as of August 27, 2007, Wallace became personally liable to Samsara; a fact which he conceded. (Ex. D, § 4.1; Ex. E, § 1; Wallace Tr., Ex. F, pp. 281:23-283:18)

14.   On or about June 30, 2008, Samsara filed a motion for summary judgment.

15.   On or about August 21, 2008, the Court issued a Memorandum Opinion and Order (the "Order") granting Samsara's motion for summary judgment on the claim for defendant's breach of the Guaranty. (A copy of the Order is annexed as Exhibit H.) Among other things, the Court determined that:

> Samsara has established that Wallace has breached his obligations under the Guaranty and that no issue of material fact exists as to his liability. The signed contracts and Wallace's deposition testimony, described above, establish that Shores owes plaintiff a 170% preferred return on its investment plus default interest; that

---

$^2$   The Operating Agreement indicates that the property consists of 11.979 acres in Harrison County, Biloxi, Mississippi. (Ex. D, §1.4(a)(i)); Exhibit G confirms Shores' ownership of this property as of November 18, 2007.

        defendant unconditionally guaranteed this obligation, and that this amount was never paid to plaintiff.

(Order, Ex. H, p. 6)

    16.    In the Order, the Court invited Samsara to move for summary judgment on the issue of damages due as a result of defendant's breach and noted that: "It is undisputed that $10.2 million became due on February 26, 2007, and that nothing was paid prior to August 27, 2007. But Samsara seeks default interest accruing through the entire interim period. Under the Operating Agreement, default interest would only accrue through August 27, 2007 if the land had not been sold before that date." (Order, Ex. H, p. 7)

    17.    As noted above, Shores did not sell the land prior to August 27, 2007. (¶ 11, *supra*)

    18.    Pursuant to Section 4.1 of the Operating Agreement, interest on the Class B Preferred Return ($10,200,000) is to be calculated at a rate of 75% per annum from February 26, 2007 through August 27, 2007 (which equals $3,825,000), at which point the Class B Preferred Return plus the accrued interest (totaling $14,025,000) became immediately due Samsara. (Ex. A, ¶¶ 9-10; Ex. B, ¶¶ 1, 4; Ex. D, § 4.1; Wallace Tr., Ex. F, pp. 225:12-227:3, 281:23-283:18)

19. Accordingly, Samsara is entitled to entry of judgment in its favor and against defendant in the amount of $14,025,000, plus interest at the rate of 9% per annum from August 27, 2007.[3]

Dated: September 3, 2008

                                      HAYNES and BOONE, LLP
                                      *Attorneys for Plaintiff*

By: _____
      Kenneth J. Rubinstein (KR-1410)
      Jonathan D. Pressment (JP-1819)
      1221 Avenue of the Americas
      26th Floor
      New York, New York 10020-1007
      (212) 659-7300

---

[3] Pursuant to CPLR §§ 5001, 5004, interest accrues at the rate of 9% per annum on a breach of contract (Section 19 of the Guaranty (Ex. F) provides for New York law to govern.) *See also, N. Bloom & Son (Antiques) Ltd. v. Skelly*, 673 F.Supp. 1260, 1269 (S.D.N.Y. 1987) (in a diversity case, pre-judgment interest is controlled by the rule of the jurisdiction whose law determines liability; plaintiff awarded pre-judgment interest on breach of contract claim pursuant to CPLR 5001, 5004); *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 292 (S.D.N.Y. 2002) (awarding prejudgment interest at a rate of nine percent per year from date of breach); *EMI Music Marketing v. Avatar Records, Inc.*, 364 F. Supp. 2d 412 (S.D.N.Y. 2004) (same).