# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



07 CIV.

---

SAMSARA INVESTMENT III, LLC,

Plaintiff,

- against -

JERRY L. WALLACE,

Defendant.

---

COMPLAINT

---

Plaintiff Samsara Investment III, LLC, ("Samsara"), by its attorneys, Haynes and

Boone, LLP, for its Complaint, alleges:

### The Parties

1.      Plaintiff Samsara is a limited liability company organized under the laws of

the State of Delaware, with its principal place of business located in New York, New York.

2.      Upon information and belief, defendant Jerry L. Wallace ("defendant") is an

individual residing in the State of Florida.

### Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. §1332(a) as this action is

between citizens of different states and the amount in controversy exceeds $75,000, exclusive of

interest and costs.

4.      Venue is appropriate in this District pursuant to 28 U.S.C. §1391 (a) and by

virtue of agreement of the parties.

## Facts Relevant to the Claims for Relief

5.    On or about February 23, 2006, Samsara, defendant and Shores of Paradise, LLC ("Shores"), entered into an Investment Agreement (the "Investment Agreement"). (A copy of the Investment Agreement is annexed as Exhibit A and is incorporated by reference herein.) Pursuant to the Investment Agreement, Samsara agreed to invest $6,000,000 in Shores, which proceeds were to be used to purchase two parcels of real property in Biloxi, Mississippi.

6.    On or about February 24, 2006, Samsara and Wallace entered into an Amended and Restated Operating Agreement of Shores Paradise, LLC (the "Operating Agreement"). (A copy of the Operating Agreement is annexed as Exhibit B and is incorporated by reference herein.) Pursuant to the Operating Agreement, Samsara made a capital contribution of $6,000,000 in Shores. In exchange for this capital contribution, Samsara received 100% of the Class B shares of Shores.

7.    In pertinent part, the Operating Agreement provided that:

The Managing Member [defendant] shall cause the Company [Shores] to distribute ... available Cash to the Members in accordance with the following distribution priority schedule:

(a) to the Class B Member, until the Class B Member has received an amount equal to 170% of its initial Capital Contribution (the "Class B Preferred Return"). . . .

If and to the extent that the Company has not paid to the Class B Member the full amount of the Class B Preferred Return described in Section 4.1(a) above on or before February 26, 2007, then the remaining amount of the Class B Preferred Return payable to the Class B Member as of such date shall accrue simple interest, at a rate of seventy-five percent (75%) per annum, from February 27, 2007, through the earliest to occur of (i) the date of full payment of the Class B Preferred Return, (ii) August 27, 2007 and (iii) the sale of the Land ....

(Ex. B, § 4.1)

8.     As further inducement for Samsara to make the $6,000,000 capital contribution in Shores, on or about February 24, 2006, defendant executed a personal guaranty (the "Guaranty"), through which, among other things, defendant agreed to be liable for payment of the Class B Preferred Return, as was set forth in Section 4.1 of the Operating Agreement. (A copy of the Guaranty is annexed as Exhibit C and is incorporated by reference herein.)

9.     Shores did not pay Samsara any portion of the Class B Preferred Return on or before February 26, 2007. As a result, pursuant to Section 4.1 of the Operating Agreement, Shores was required to make payment of $12,450,000 to Samsara by August 27, 2007.

10.     Shores failed to pay $12,450,000 to Samsara by August 27, 2007.

11.     Pursuant to the Guaranty, defendant is liable for the amount due from Shores to Samsara.

12.     Despite due demand, defendant has failed to make the $12,450,000 payment due Samsara.

### Claim For Relief: Breach of Contract

13.     Plaintiff repeats the allegations contained in paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.     As described above, defendant is in breach of his payment obligation to Samsara pursuant to the Guaranty.

15.     At all times, Samsara has fulfilled its obligations pursuant to the Guaranty and other relevant agreements.

16.     As a result of defendant's breach of the Guaranty, Samsara has been damaged, in an amount to be determined at trial, but in no event less than $12,450,000, plus interest, costs and expenses, including, without limitation, an award for its attorney's fees.

**WHEREFORE**, Samsara demands judgment against defendant on its claim for relief, for breach of contract, in an amount to be determined at trial, but in no event less than $12,450,000, in favor of Samsara, plus an award of interest, costs, and expenses including, without limitation, an award for attorney's fees, together such other and further relief as this Court may deem just and proper.

Dated:   October 19, 2007

HAYNES AND BOONE, LLP
*Attorneys for Plaintiff*

By: _____
Kenneth J. Rubinstein (KR-1410)
Jason A. Nagi (JN-6891)
153 East 53rd Street, Suite 4900
New York, New York  10022
(212) 659-7300