**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
SAMASARA INVESTMENT III, LLC,     :

           Plaintiff,           :

                                   07-cv-9385 (JFK)
        -against-            :

                               **MEMORANDUM OPINION**
JERRY L. WALLACE                  :        **& ORDER**

           Defendant.           :
------------------------------------x

**JOHN F. KEENAN, United States District Judge:**

       Before the Court is Plaintiff Samsara Investment III, LLC's ("Samsara") unopposed motion for judgment as a matter of law on the damages owed by Defendant Jerry L. Wallace ("Wallace") following his breach of a personal guaranty executed in connection with a joint real estate venture. For the reasons stated below, the motion is granted.

       The Court assumes familiarity with the factual background as set forth in an earlier opinion, Samsara Inv. III, LLC v. Wallace, No. 07-cv-9385 (JFK), 2008 WL 3884362 (S.D.N.Y. Aug. 21, 2008), which awarded summary judgment to Samsara on the issue of liability. In that opinion, the Court held that Wallace had breached an unconditional, written Guaranty that the company he managed, Shores of Paradise, LLC ("Shores"), would pay Samsara a preferred return on Samsara's $6 million investment in the company. Shores' obligation to pay the

preferred return was provided for in an Operating Agreement executed by the parties on February 24, 2006.

Although the Court awarded summary judgment to Samsara on the issue of liability, it found that issues of material fact existed with respect to the amount Wallace owed, and therefore declined to grant summary judgment on the issue of damages. "Section 4.1 of the Operating Agreement obligated Shores to pay Samsara a 170% preferred return on its investment, equaling $10.2 million, by February 26, 2007. If Shores failed to pay the preferred return by that date, interest would accrue at an annual rate of 75% until full payment was made, the land was sold pursuant to the agreement, or August 27, 2007, whichever was earliest." Samsara Inv. III, LLC, 2008 WL 3884362, at *1. The "land" is a certain parcel of real property in Biloxi, Mississippi that Shores owned. (Pltf.'s Rule 56.1 Stmt., Exh. D. § 1.4(a)(i).) In its prior motion for summary judgment, Samsara claimed that it was entitled under the Operating Agreement to receive $14.025 million, reflecting the $10.2 million that became due on February 26, 2007, plus the agreed-upon default interest accruing through August 27, 2007. However, Samsara had failed to present evidence that the property was not sold before August 27, 2007, a condition precedent to its right to receive default interest up until that date. Samsara Inv. III, LLC, 2008 WL 3884362, at *3.

Samsara now moves for summary judgment on the issue of damages. It has presented a copy of an Exclusive Listing Agreement, signed by Wallace on behalf of Shores, confirming that Shores still owned the property as of November 18, 2007. (Pltf.'s Rule 56.1 Stmt., Exh. G.). Samsara also has submitted excerpts from Wallace's deposition testimony showing that Shores continued to make mortgage payments on the property until at least December 2007. (Pltf.'s Rule 56.1 Stmt., Exh. F., pp. 186:5-17, 229:16-20, 235:6-25, 237:13-25.)

This undisputed evidence establishes that the Shores property was not sold prior to August 27, 2007. Therefore, on that date Shores became obligated under § 4.1 of the Operating Agreement to pay Samsara $14.025 million— representing the $10.2 million preferred return plus interest at the agreed-upon default rate (75%) from February 26, 2007 to August 27, 2007. As previously held, Wallace became personally liable for Shores' payment obligations through the Guaranty. Therefore, the Court finds that Wallace owes Samsara $14.025 million.

Samsara also seeks an award of prejudgment interest. Because this is a diversity action, prejudgment interest is determined by state law. Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000). The Guaranty provides that it is governed by New York law. Under New York law, the prevailing party in a breach of contract action is entitled to prejudgment interest at a rate

of 9% per annum from the date the cause of action first accrued, i.e., the date of the breach. N.Y. C.P.L.R. §§ 5001, 5004; see, e.g., Stanford Square, L.L.C. v. Nomura Asset Capital Corp., 232 F.Supp.2d 289, 292-94 (S.D.N.Y. 2002).

Accordingly, judgment is entered in favor of plaintiff and against defendant in the amount of $14.025 million, plus interest at the rate of 9% per annum from August 27, 2007. Plaintiff's motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   New York, New York
         October 10, 2008

_____
JOHN F. KEENAN
United States District Judge